IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES A. BIGGINS, | § | |
| | § | |
| Defendant Below, | § | No. 103, 2021 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 9609015504 (S) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 21, 2021
Decided: May 6, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGMERY-REEVES**, Justices.

## ORDER

After consideration of the notice to show cause and the response, it appears to the Court that:

(1)     On April 6, 2021, the appellant, James A. Biggins, filed this appeal from a Superior Court order denying his motion to compel the production of a search warrant and other documents in Criminal ID No. 9609015504. Biggins sought the documents to support an ineffective assistance of counsel claim in a future motion for postconviction relief under Superior Court Criminal 61. The Superior Court held that Biggins was prohibited from filing any matter without first obtaining written approval based on his history of filing numerous, meritless pleadings. This Court

also previously prohibited Biggins from filing any further papers challenging his convictions in Criminal ID No. 9609015504 without a justice's prior approval.[1]

(2) On April 7, 2021, the Senior Court Clerk issued a notice directing Biggins to show cause why this appeal should not be dismissed based on this Court's lack of jurisdiction under Article IV, § 11(1)(b) of the Delaware Constitution to hear an interlocutory appeal in a criminal matter. The notice also directed Biggins to explain why his motion to proceed *in forma pauperis* should not be denied based on his false certifications that he had made a diligent and good faith effort to determine the relevant case law controlling the issue he sought to raise and that he had no reason to believe his claims were foreclosed by controlling law.

(3) In his response to the notice to show cause, Biggins claims that he is entitled to production of the requested documents under *Powell v. State*.[2] In that case, we held that the Superior Court erred in finding that its production of a criminal docket mooted the defendant's motion to compel production of his sentencing order as required by the Board of Pardons for a commutation application.[3] We directed the Superior Court to provide the defendant with a certified copy of his court docket

---

[1] *Biggins v. State*, 2011 WL 2731214, at *1 (Del. July 11, 2011).
[2] *Powell v. State*, 2019 WL 3936223 (Del. Aug. 19, 2019).
[3] *Id.* at *1.

and sentencing order so that he could comply with the Board of Pardons' requirements.[4]

(4)  *Powell* has no bearing here.  Biggins, who has been prohibited from filing papers without prior judicial approval, sought to compel the production of documents for a future motion for postconviction relief in Criminal ID No. 9609015504.  Until Biggins files a motion for postconviction relief and the Superior Court rules upon that motion,[5] the denial of his motion to compel is an interlocutory order that is not subject to review by this Court.[6]  This appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[4] *Id.*

[5] Such a motion would be foreclosed by controlling law unless Biggins pleaded with particularity new evidence creating a strong inference of actual innocence or a new rule of constitution law that applies retroactively to his case and renders his convictions invalid.  Super. Ct. Crim. R. 61(d)(2).

[6] Del. Const. art. IV, § 11(1)(b).  *See also In re Harris*, 2020 WL 1672907, at *1 (Del. Apr. 3, 2020) ("Until the Superior Court judge rules upon Harris's Rule 61 motion, the denial of his motion to compel discovery is an interlocutory order that is not subject to review by this Court.") (citations omitted); *Cooper v. State*, 2004 WL 3186198, at *1 (Del. Dec. 29, 2004) (determining that the denial of a motion to compel documents is an interlocutory order that is appealable from a final judgment in a postconviction proceeding).